## Ex Parte Ramos.

### Appeal from the District Court of Humacao.

No. 54.—Decided December 7, 1905.

Acknowledgment of Natural Child—Evidence of Acknowledgment—Certificate of Baptism.—A certificate of baptism in which it is stated that the person baptised is an acknowledged natural child of another person, but without stating that such person made such acknowledgment in the presence of the priest certifying to the baptism, and there is no certificate that such acknowledgment was ever made and no witnesses appear to have witnessed such acknowledgment, is insufficient to show that the interested party is an acknowledged natural child.

Id.—Declaration of Heirs.—The declaration of heirs to which section 3 of the Mortgage Law refers can only be made in cases where the interested parties present the necessary documents to show that they are heirs, and no other evidence whatever should be admitted.

Id.—Proceeding to Prove Filiation.—In cases where the interested parties are without the necessary documents to prove their capacity as heirs but can prove their natural filiation by means of other evidence, they may avail themselves, for this purpose, of the procedure established and provided for in chapter 3 of the Act of March 9, 1905, to establish special proceedings.

The facts are stated in the opinion.

*Mr. Hernandez Lopez* for appellant.

*Mr. Rossy, fiscal,* for The People.

Mr. Justice MacLeary delivered the opinion of the court.

This case involves a document drawn up by the notary public of Fajardo, Jose Celestino Schroder, in order that the District Court of Humacao might declare Pedro Alcantara, natural son of Carmen Ramos, the intestate heir of Aurel Verge. The said document was brought up to the said district court through the aforesaid notary, and consisted of an instrument made on the 13th of September, 1903, before the Notary Schroder, in accordance with article 3 of the Mortgage Law, by Carmen Ramos in order to obtain a declaration of heirship of Aurel Verge, in favor of a natural son, Pedro Alcantara, who according to her, had been recognized as such by Aurel Verge. Attached to that document was the written title to a piece of property of the said Verge, situated in Vieques; also a certificate of the death of the said Verge, which is alleged to have occurred in St. Claude, in the island of Guadalupe, on the 19th day of February, 1899; also a certificate of the birth of the child, Pedro Alcantara, born on the 18th day of October, 1882, declaring him to be recognized as his son by the said Verge. The application for the declaration of heirship was opposed by the *fiscal,* and the court after considering the matter, decided in effect as follows: That in order to determine the character of a natural son recognized by a person, absolute precision is necessary, and it should appear in an explicit and authentic manner that he was recognized on the part of his father in such a manner as will leave

no room for doubt; without which requisite it is impossible to make an application of the provisions of the law of the 16th of May, 1855, which give to natural children legally recognized the right of being heirs of their intestate fathers.

It is further decided that in order for such recognition to exist in an efficacious manner, it was not sufficient to show the simple declaration made in a certificate of baptism, and reference is made by the court to the decisions of the Supreme Court of Spain on this point, bearing date of the 16th of April, 1864, 28th of June, 1864, and 18th of March, 1873. For the reasons stated the court refused to declare the natural son to be the heir of his father Aurel Verge, and by an order dated the 27th of March, 1903, dismissed the case at the cost of the applicant.

An appeal was taken through counsel, Tomas Bernardini de la Huerta, representing Carmen Ramos, to this court, and filed herein on the 12th of June, 1903, Juan Hernandez Lopez appearing in this court as counsel for the appellant.

After various delays and interlocutory orders the case was brought to trial on the 2d day of last month. The *fiscal* of this court appeared on the trial and made an oral argument, and filed a brief. Attorney Hernandez Lopez filed a brief here, but did not appear in the oral argument. After stating the facts counsel for the appellant propounded a legal proposition to the effect that sons recognized as natural children are the heirs without will of the father, in conformity to the provisions of the law of the 16th of May, 1835, applicable to this case. This is the only point of reference made to any law governing the case by counsel for the appellant.

The *fiscal* of this court, after stating the facts at length, makes reference to the aforesaid law of the 16th of May, 1835, Law 11 de Toro, and the decisions of the Supreme Court of Spain of the 28th of June, 1864, and the 18th of March, 1873, and proceeds to argue the question discussing the legal authorities referred to; admitting that Pedro Alcantara would be the heir of Aurel Verge, in default of other competent heirs,

if he had been legally recognized, calling attention to the fact that the only proof of recognition was the certificate of baptism, which is deemed to be insufficient. The *fiscal* contends that the legislation prior to eleventh Law of Toro does not prescribe in an explicit manner how the recognition of a natural child shall be made, whether it shall be tacit or express; but afterwards the decisions of the court clear up these doubts, establishing that said recognition need not be express, but can be proved by any means of proof established in the law. He also contends that the circumstance that the estate which is said to be the property of Verge, according to the writing which accompanies the application, is not sufficiently indentified by the testimony of the witnesses who have given their evidence, and should not have any influence on the result of this case, since it does not treat in any way of the position of the heir who was brought forward by the petitioner.

The District Court of Humacao doubtless had jurisdiction of the matter, since the Island of Vieques, where the property is situated and where the applicant resides, is within the territorial jurisdiction of that court. The *fiscal* concludes by suggesting to the court that the judgment of the district court should be affirmed.

Let us consider whether the proof of the recognition of the illegitimate son by his father, the intestate, is sufficiently proved. This evidence all rests on the certificate of baptism of Pedro Alcantara, a document authenticated only by the parish priest of Vieques, who performed the baptism. It is set forth that Pedro Alcantara is the recognized son of Aurel Verge, but it is not stated that the said Verge made such acknowledgement in the presence of the priest, nor does the said priest certify that such acknowledgement was made by Aurel Verge, nor is there any witness to such recognition who testifies to that effect. In our opinion the evidence of recognition presented is not sufficient and gives no right to Pedro Alcantara to be declared the intestate heir of Aurel Verge, who was the owner of the property described and which is

situated in the Island of Vieques. This opinion is substantiated by the reference made by the trial court and the *fiscal* of this court, and the decisions of the Supreme Court of Spain.

However, we are of the opinion that the declaration of heirs in accordance with article 3 of the Mortgage Law, can only be made when the interested parties have been able to present to the notary the necessary documents for such declaration no other evidence being admissible; but when there are no documents which prove the heirship, as is the case here, and other evidence can be furnished to prove the natural filiation, we see no objection to advantage being taken of the proceeding provided for in Chapter III of the law in regard to Special Legal Proceedings, approved on the 9th of March of the present year. (See Laws of 1905, p. 218.)

For the reasons set forth the judgment rendered by the District Court of Humacao on the 27th of March, 1903, should be affirmed with the costs against the appellant; without prejudice to the rights of Pedro Alcantara to present his claim in accordance with the provisions of the law in regard to Special Legal Proceedings approved on the 9th of March of the present year, above mentioned.

*Affirmed.*

Chief Justice Quinones and Justices Hernandez, Figueras and Wolf concurred.